**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4974**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICKEY OAKLEY,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:08-cr-00268-CCB-1)

───────────

Submitted:  June 30, 2011          Decided:  August 4, 2011

───────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Andrew H. Baida, ROSENBERG, MARTIN & GREENBERG, L.L.P.,
Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Cheryl L. Crumpton, Kristi N. O'Malley,
Assistant United States Attorneys, Baltimore, Maryland, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickey Oakley was convicted following his conditional guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Oakley was sentenced to a total of 292 months of imprisonment. On appeal, Oakley contends that the district court erred in denying his motion to suppress heroin and other evidence obtained as the result of illegal searches and seizures conducted in violation of the Fourth Amendment. We affirm.

We review factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). We construe the evidence in the light most favorable to the Government, as the party prevailing below. United States v. Griffin, 589 F.3d 148, 150 (4th Cir. 2009), cert. denied, 131 S. Ct. 1599 (2011).

Credible evidence shows that investigating officers' independent observations of Oakley acting as predicted by a confidential source provided reasonable suspicion that Oakley was engaged in criminal activity justifying an investigatory stop. Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v.

Ohio, 392 U.S. 1, 30 (1968). Furthermore, credible evidence established that when officers activated their lights and blocked Oakley's vehicle with their own, Oakley rapidly reversed his vehicle and crashed into the police vehicle in an apparent attempt to escape. As Oakley failed to yield to the show of authority, no seizure implicating the Fourth Amendment occurred at that moment. California v. Hodari D., 499 U.S. 621, 626 (1991); Brower v. County of Inyo, 489 U.S. 593, 598 (1989); United States v. Letsinger, 93 F.3d 140, 143-46 (4th Cir. 1996). Consequently, the district court did not err in denying the motion to suppress.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3